## SUPREME COURT.

MILES P. LAMPSON, President, &c. agt. ARCHIBALD MCQUEEN
and others.

An *answer* consisting of mere negative averments, denying the allegations of the complaint, is not *amendable of course* under § 172 of the Code. The right of amendment of course, under that section, only exists where the pleading to be amended, requires, or admits of a response in the shape of an answer, reply, or demurrer.

After service of an answer containing mere negative allegations, an amended answer setting up new matter, can be allowed only by leave of the court, in a supplemental answer under § 177 of the Code.

*Monroe Special Term, November*, 1857.

MOTION to set aside inquest.

The action was upon three promissory notes against makers and indorsers. The defendant Archibald McQueen appeared and put in a general answer, denying the allegations of the complaint. The cause was noticed for trial at the late Genesee circuit, after service of such answer. Before the circuit, the defendant's attorney served an amended answer, adding to the matter of the former answer, the allegation as a distinct and further defence, that since the commencement of the suit, as the defendant was informed and believed, the promissory note mentioned and set out in the plaintiff's complaint, had been fully paid and satisfied to the said plaintiff.

The plaintiff disregarded this amendment, and gave immediate notice to the defendant's attorney, that he should not receive it or treat it as a valid amendment, for the reason, among others, that it was put in without leave of the court. The plaintiff's attorney afterwards proceeded, and took an inquest in the cause, which the defendant now moves to set aside as irregular.

JAMES WOOD, JUN., *for defendant.*
CHARLES BARTO, *for plaintiff.*

Lampson agt. McQueen and others.

E. DARWIN SMITH, Justice. The answer first served in this action, consisting of mere negative averments, denying the allegations of the complaint, did not require or admit, either of a reply or a demurrer. It was, therefore, not amendable of course under section 172. The right of amendment of course under that section, only exists where the pleading to be amended requires or admits of a response in the shape of an answer, reply or demurrer. The section is, " any pleading may be once amended by the party of course without costs, and without prejudice to the proceedings already had, *at any time before the period for answering it, expires.*"

The amended answer sets up a new defence, and a defence of matters which had occurred after the commencement of the suit, and after the first answer was put in, and after the cause was noticed for trial.

The right to put in such a defence, did not then exist to be exercised as a matter of course. The defendant could only set up the new matter by leave of the court, in a supplemental answer, under section 177. The right of amendment was not, therefore, given, except by special leave of the court. The plaintiff was, therefore, regular in taking his inquest, and the motion to set aside the same must be denied, but without prejudice to the right of the defendant to apply to be let in to defend upon the merits, and to set up the new matter of defence.

Upon the affidavits before me, I think the defendant has no defence, but as he has made an affidavit of merits, and this motion was obviously made upon the assumption that the inquest was irregularly taken, I will not preclude him from a hearing on the merits upon such case as he may make for that purpose.

Motion denied with $7 costs.